# Haines v. Riley

Before Honeyman, Ditter and Smillie, JJ.

*John C. Bonner*, for plaintiff.

*Fred J. Silverman*, for defendant.

*Francis Murphy*, for additional defendant.

SMILLIE, J., February 19, 1964.—This case arose out of a collision between automobiles on September 10, 1962, when the Haines' car, driven by Shaner, collided with a vehicle owned and operated by defendant, Riley. Riley gave a release upon payment to him of the sum of $1,468.80, and approximately eight months afterwards plaintiff, Haines, commenced an action for property damage to his automobile. Defendant, Riley, joined the operator of plaintiff's vehicle, Shaner, as an additional defendant, alleging that the additional defendant was alone liable to plaintiff. The additional defendant, Shaner, filed a motion for judgment on the pleadings which is presently before the court.

The original defendant argues against the motion for judgment on the pleadings by referring to the de-

cision in Kent v. Fair, 392 Pa. 272 (1958), which held that where a release was not in general broad language but was limited, it did not bar the original defendant from joining the additional defendant.

The additional, defendant replies that the situation is not ruled by the Kent v. Fair decision, but rather is governed by Killian v. Catanese, 375 Pa. 593 (1954), wherein the court said that, because the release was in the broadest possible language, it was a complete discharge of any and all liability and, as such, barred any joinder. The court reasoned that the language was so broad and inclusive that it released the additional defendant of, and from all manner of, actions, causes of action and demands whatsoever by reason of the language "any cause, matter or thing whatsoever."

The case at bar presents the single question of whether or not the release given by Riley falls within the reasoning of the Killian case, supra, which says where the release is in broad language it bars the joinder of the additional defendant; or whether it falls within the Kent case, supra, which held that, where the release is restricted and limited, it is not a bar to a judgment against the additional defendant.

We are of the opinion that the Killian release is broader than the case at bar and, therefore, is not controlling. A close examination of the two releases confirms such conclusion.

### Killian Release

Know all men by these presents that we, George Catanese and Mario Catanese in consideration of the sum of Two hundred fifty ($250) dollars, "do hereby release and forever discharge George Wasilky, his heirs, executors and administrators, of and from all, and all manner of actions and causes of actions, suits, debts, dues, accounts, bonds, covenants, contracts, agreements, judgments, claims and demands whatsoever in law or equity, especially *the liability arising*

*out of the accident on or about April 15, 1952, at or about 9th and Passyunk Avenues in the City and County of Philadelphia"* which against George Wasilky, George Catanese and Mario G. Catanese ever had, now have, or which their heirs, executors, administrators, successors or assigns, or any of them, hereafter can, shall or may have, for or by reason of any cause, matter or thing whatsoever from the beginning of the world to the date of these presents.

### Riley's Release

"For the sole consideration of One thousand four hundred and sixty-eight and 80/100 Dollars ($1-468.80), I/we, Herbert G. Riley residing at 13 Margaret Drive, Wyomissing Hills, Reading, Pa., do hereby release, acquit and forever discharge Harold and Margaret Haines and Richard L. Shaner from any and all actions, causes of actions, claims and demands, costs, loss of services, expenses and compensation on account of or in any way growing out of any and all known and unknown personal injuries and property damage resulting or to result from an accident which occurred on or about September 10, 1962 and do hereby agree to indemnify and save harmless the said Harold and Margaret Haines and Richard L. Shaner from all further claims or demands, cost or expense arising out of the injury or damage sustained by me/us".

The language in the Killian release is as broad as could be employed. Reading the Killian release and indemnification one may conclude that it was given without any limitation to the intent of releasing and indemnifying against every possible claim that might arise by any reason or cause whatsoever.

We are aware of several lower court cases where releases were successfully pleaded as a bar to joinder of an additional defendant such as Hummel Furniture Co. v. Hummel Warehouse Co., Inc., 27 D. & C. 2d 285, and Radice v. Troutman, 67 Dauph. 341, wherein

the courts indicated that the general language of the releases was broad enough to exclude the joinder of the additional defendant, even though not so broad as the Killian v. Catanese language.

In Kent v. Fair, the court felt that the language "sustained by us" so limited the scope of the release that joinder of an additional defendant was not prohibited. The instant case is closer to Kent v. Fair, supra, in that the magic phrase "sustained by me/us" appears in the release.

By these two cases, the Supreme Court has established tracks leading to different destinations. If the entire release is broad, it releases the additional defendant. If it is narrow and restricted, the additional defendant is not released and judgment cannot be allowed on the pleadings. In the Riley release, it is clear that in the beginning up to recitation of the date of "September 10, 1962", the intention is as broad as in the Killian case to release everything, but, without any punctuation or period the instrument which must be construed in its entirety goes on to limit the financial liability provided by the release to an indemnification applying only to damages "sustained by me/us." A release must be taken in its entirety. When a release is coupled with the indemnification without separation of any sort, it would seem to the writer that the intention of the person who gives a release is to limit his liability by what he will agree to indemnify and thus restricts the extent or broadness of the entire instrument. Riley might be willing to give a broad release, but, in determining how broad it was to be in dollars and cents, limit his liability to the damages "sustained by" him. Thus, it seems that the intent of the instrument is the indemnification, and, although it comes at the end, it contains the essence and full meaning of the release. It is in the indemnification which limits the scope of the release.

After all, releases which are signed are not prepared by the signor. The releases are prepared by an insurance company or the one who is paying the giver for the release. It would have been a simple matter to separate the release from the indemnification if only by punctuation alone; or, make the terms of the indemnification as broad as the terms of the release. This was not done and when the indemnification was restricted to damages "sustained by me/us", the entire release was restricted.

The phrase, although used in the indemnification, must reasonably be construed to refer to the whole release and not merely the indemnification. We think it proper to assume that Riley agreed to indemnify against that which he released.

The conclusion to be drawn from Riley's release is that he intended only to release the additional defendant from any claims for personal injuries and property damage which he had sustained personally, but not to completely discharge Shaner from any right of contribution he owed on account of joint liability or to give up his right to claim that Shaner was solely liable or liable over.

And now, February 19, 1964, after argument before the court en banc, consisting of Robert W. Honeyman, William Ditter, Jr., and Frederick B. Smillie, JJ., the motion of the additional defendant for judgment on the pleadings is dismissed.